PREGERSON, Circuit Judge,
dissenting:
The United Nations: Convention on the Rights of the Child, Nov. 20, 1989, 28 I.L.M. 1448, embodies the humane principle that “[i]n all actions concerning children ... undertaken by ... courts of law, administrative authorities or legislative bodies, the best interests of the child shall be a primary consideration.” Art. 3(1), Id. at 1459. The Convention recognizes that the family is “the fundamental group of society and the natural environment for the growth and well-being of all its members and particularly children.... ” Convention Preamble, 28 I.L.M. at 1457. In *1014 short, the Convention espouses our democracy’s abiding belief in the overarching importance of the family, particularly its children, and of “family values.”
Sadly, our cancellation of removal statute does not honor the concept of family values and the need to keep families together. Under the removal statute, the Board of Immigration Appeals (“BIA”) may grant an application for cancellation of removal only where removal would cause “exceptional and extremely unusual hardship” to the petitioner’s citizen or lawful permanent resident family members— here, Cabrera-Alvarez’s two young United States citizen children, ages eight and ten. 8 U.S.C. § 1229b(b)(l)(D). That onerous standard is so difficult to satisfy that there is only one published BIA decision that grants cancellation of removal after finding that the requisite “exceptional and extremely unusual hardship” existed. See Ariadna Angelica Gonzalez Recinas, 23 I. & N. Dec. 467 (B.I.A.2002) (concluding that cancellation of removal was warranted because the mother of six children (four of whom were born in America) was the sole means of economic support for her children, had no comparable means of providing for her children in Mexico, had no close family members in Mexico, her ex-husband did not help to support the children, and the children did not speak Spanish and had never traveled to Mexico); compare Martha Andazola-Rivas, 23 I. & N. Dec. 319, 324 (B.I.A.2002) (concluding that while the removal of the single parent of two United States citizen children, ages 11 and 6, would likely result in “extreme hardship” to the children, cancellation of removal was not warranted because the hardship faced by the children would not be “exceptional and extremely unusual”). Our courts, in turn, lack authority to review the BIA’s ruling that such hardship does not exist.[1] 8 U.S.C. § 1252(a)(2)(B); see Romero-Torres v. Ashcroft, 327 F.3d 887, 891-92 (9th Cir.2003).
In the case at hand, Cabrera-Alvarez, an agricultural worker, is by all accounts a loving parent and responsible member of his community. Aside from a single con- *1015 vietion in 2002 for driving under the influence, his only crime was entering the United States unlawfully thirteen years ago. Cabrera-Alvarez’s young son and daughter, both born in the United States, will undoubtedly suffer severe emotional and economic hardship when their loving father is removed from this country.
I pray that soon the good men and women in our Congress will ameliorate the plight of families like the Cabrera-Alva-rezes and give us humane laws that will not cause the disintegration of such families.

. While not briefed by any party, I believe the removal of our jurisdiction raises serious separation of powers problems. In other contexts, we have been told that family unity is a fundamental right protected by the Due Process Clause. See Troxel v. Granville, 530 U.S. 57, 65, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000) (plurality opinion) ("[T]he interest of parents in the care, custody, and control of their children is perhaps the oldest of the fundamental liberty interests recognized by th[e Supreme Court].”); Quilloin v. Walcott, 434 U.S. 246, 255, 98 S.Ct. 549, 54 L.Ed.2d 511 (1978) ("We have recognized on numerous occasions that the relationship between parent and child is constitutionally protected.”); Wisconsin v. Yoder, 406 U.S. 205, 232, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972) ("The history and culture of Western civilization reflect a strong tradition of parental concern for the nurture and upbringing of their children.”); Stanley v. Illinois, 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972) (recognizing that "[t]he integrity of the family unit has found protection in the Due Process Clause of the Fourteenth Amendment”).
Congress has delegated to the Executive Branch the unreviewable authority to decide under what circumstances family unity is entitled to protection. In so doing, Congress has delegated to the BIA the sole discretion to determine the contours of the fundamental right to family unity. As the Supreme Court recently admonished us in a different context, "the Constitution may well preclude granting 'an administrative body the unreviewable authority to make determinations implicating fundamental rights.' " Zadvydas v. Davis, 533 U.S. 678, 692, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001) (quoting Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 450, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985)); see also Crowell v. Benson, 285 U.S. 22, 87, 52 S.Ct. 285, 76 L.Ed. 598 (1932) (Brandéis, J., dissenting) (stating that "under certain circumstances, the constitutional requirement of due process is a requirement of judicial process”)